```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                                    ORDER

IN RE NIGERIA CHARTER FLIGHTS
LITIGATION                                          MDL 2004-1613 (RJD)(MDG)

- - - - - - - - - - - - - - - - - -X

This Order concerns:

     OBIORA ANYOKU, et al.

          - against -
                                                    CV 2004-0304 (RJD)(MDG)
     WORLD AIRWAYS, INC., RITETIME
     AVIATION AND TRAVEL SERVICES,
     INC., O. PETER OBAFEMI and
     CAPITAL INDEMNITY CORPORATION,

                         Defendants.
- - - - - - - - - - - - - - - - - -X

     MABEL INIM, et al.
                                                    CV 2004-0791 (RJD)(MDG)
          - against -

     WORLD AIRWAYS, INC., et al.,

                         Defendants.
- - - - - - - - - - - - - - - - - -X
```

This multidistrict litigation ("MDL") consists of individual and putative class actions brought by purchasers of tickets sold by defendant Ritetime Aviation and Travel Services, Inc. for charter flights between the United States and Lagos, Nigeria which defendant World Airways, Inc. ("World Airways") operated and discontinued at the end of 2003. This order addresses the letter dated January 18, 2013 of counsel for World Airways regarding the administration of the class settlement reached.

See 1/18/13 Let. filed in the MDL (ct. doc. 208) and in Anyoku v. World Airways, 2004-cv-304 (ct. doc. 252).[1]  World Airways reports that the claims administrator received a total of 751 claims of which it contends 211 claims are "non-qualifying" under the terms of a settlement agreement approved by the Court.  See id. at 3, referring to Settlement Agreement (ct. doc. 194-2).[2]  It also suggests that a neutral mediator be appointed to resolve the 211 claims that it disputes.  See 1/18/13 Let. at 3.

Untimely Claims

World Airways contends in its letter that 45 of the claims received are late because they "were postmarked after the August 26, 2008 deadline established for submission of claims."  See id.  However, the Settlement Agreement provides that class members may file claims up to 90 days after the "Final Judicial Approval Date."  See Settlement Agreement at ¶ 73.  The Final Judicial

---

[1] Future references to the document numbers shall be to the numbers on the docket sheet in the Anyoku action, which is generally more complete, unless otherwise indicated.

[2] In granting class certification, Judge Dearie appointed plaintiffs' counsel in Anyoku, Thacher Proffit & Wood LLP ("Thacher Proffit") and Echeruo, Counsel, Attorneys at Law LLP, as class counsel.  Ct. doc. 136.  Although he filed the decision with the MDL caption, Judge Dearie referred only to the plaintiffs in the Anyoku action and Inim v. World Airways, 04-cv-0791, as the class plaintiffs and discussed only the pleadings in those actions.  The plaintiffs in these two actions subsequently entered into a settlement agreement with World Airways and Capital Indemnity Insurance Co. that is the subject of World Airways' letter.  Under the settlement agreement, the plaintiffs have assigned their rights against the remaining defendants, which have defaulted, to World Airways.

Approval Date is defined as the date that the Court approves the Settlement Agreement and such approval becomes final "by the exhaustion of either the time to appeal or all actual appeals filed, including a petition for a writ of certiorari to the United States Supreme Court."  Id. at ¶¶ 29, 30.

In August 2008, class counsel filed a motion for final approval of the settlement and for approval of attorneys' fees and disbursements.  Plaintiffs in Mba v. World Airways, 04-cv-473, objected to the settlement and counsel for the Mba plaintiffs, O. Benjamin Okeke, opposed class counsel's application for fees and filed his own motion seeking fees and disbursements in the amount of $104,786.99.  Osita Okocha, counsel for plaintiffs in Adeusi v. World Airways, 04-cv-2757, also filed a partial opposition to class counsel's fee application similarly seeking an allocation of fees from the settlement fund.  See ct. doc. 202.  After a fairness hearing held on September 11, 2008,  Judge Dearie approved the class settlement and granted attorneys' fees to class counsel only in orders dated December 8 and 10, 2008.  See ct. docs. 220, 225, 226, 227.  The Mba plaintiffs appealed Judge Dearie's decisions to the Second Circuit, which affirmed the order approving the settlement, but vacated the order awarding fees to class counsel only and remanded for further findings.  See Mandate issued on 4/6/10, ct. doc. 201 (in MDL).  On May 22, 2012, Judge Dearie adopted my report and recommendation that class counsel's

application for fees be granted and that the application of Benjamin Okeke, plaintiff's counsel in Mba, be denied. See ct. doc. 250. Although Mr. Okeke filed an appeal of that order, that appeal was subsequently withdrawn in September 2013. See mandate issued 9/17/12 docketed in Mba, ct. doc. 175.

Given this procedural history, World Airways is wrong in referring to August 26, 2008 as the deadline established for submission of claims under the terms of the Settlement Agreement. The Final Judicial Approval Date, if measured from expiration of the 90 day period to file a petition for a writ of certiorari from the Second Circuit's remand order,[3] is July 5, 2010. Thus, the earliest deadline for submission of claims arguably is 90 days later, or October 3, 2010, pursuant to paragraph 73 of the Settlement Agreement. The deadline is later if measured from 90 days after withdrawal of the second appeal to the Second Circuit on September 17, 2012.

Other Non-Qualifying Claims

World Airways also contends that the remaining 166 of the 211 non-qualifying claims were submitted by individuals "who did not meet the requirements for membership in the affected class." See 1/18/13 Let. at 3-4. The Settlement Agreement set forth a structure for review of disputed claims by class counsel and World Airways. Settlement Agreement at ¶ 74. The agreement also

---

[3] Sup. Ct. R. 13.

provides that "Class Counsel and World Airways shall also agree upon a neutral party who will be empowered to resolve any disputes that arise concerning whether a Claimant is a Qualifying Claimant."  Id.  Due to the dissolution of co-lead class counsel Thacher Proffitt and the relocation of co-lead class counsel Ike O. Echeruo, only counsel for World Airways has conducted a review of claims submitted.  On January 22, 2013, Mr. Benjamin Okeke, counsel in Mba filed a letter requesting that he or a paralegal appointed by him replace class counsel to review rejected claim forms.  See ct. doc. 209.  Mr. Echeruo filed a letter on January 28, 2013, opposing Mr. Okeke's participation and suggesting that John Edozie of the law firm Madu, Edozie review the claims denied by World Airways.  See ct. doc. 211.  Mr. Edozie worked with class counsel and filed the Anyokuo and Inim actions as co-counsel with Mr. Echeruo.  Mr. Edozie also filed a letter on January 28, 2013 requesting that his firm be appointed to review those claims deemed non-qualifying.  See ct. doc. 212.  Thus, this Court will conduct a hearing to appoint counsel to perform this task and to discuss a framework for resolution of disputed claims.

After conferring with Judge Dearie,[4] it is hereby **ORDERED** as

---

[4] Although the matters addressed in this order involve implementation of the settlement which, under paragraphs 98 and 100 of the Settlement Agreement, are issues to be handled in proceedings before this Court, Judge Dearie has reviewed and approved this order to insure prompt payment of all qualifying claims.

follows:

1.  World Airways must promptly arrange for payment of the 540 claims it acknowledges are made by qualifying claimants under the terms of the Settlement Agreement.

2.  World Airways must review the postmark dates of the 45 claims it contends are untimely. It must arrange for prompt payment of all claims sent in envelopes postmarked on or before October 3, 2010 or such later date that it agrees is applicable. If World Airways contends that the deadline is October 3, 2010, and there are untimely claims remaining that bear a postmark after this date, World Airways must also file a report by February 6, 2013 identifying such claims and the postmark date. It must also submit a letter memorandum setting forth its reasoning as to the deadline it contends is applicable.

3.  As previously ordered, a hearing will be held before this Court on February 7, 2013 at 10:00 a.m. in Courtroom 11C to discuss appointment of counsel on behalf of claimants and a neutral mediator.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 1, 2013

                                    ____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE