```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X    ORDER


IN RE NIGERIA CHARTER FLIGHTS         MDL 2004-1613 (RJD)(MDG)
LITIGATION

- - - - - - - - - - - - - - - - -X

This Order concerns:

    OBIORA ANYOKU, et al.

            - against -              CV 2004-0304 (RJD)(MDG)

    WORLD AIRWAYS, INC., RITETIME
    AVIATION AND TRAVEL SERVICES,
    INC., O. PETER OBAFEMI and
    CAPITAL INDEMNITY CORPORATION,

                    Defendants.
- - - - - - - - - - - - - - - - -X

    MABEL INIM, et al.               CV 2004-0791 (RJD)(MDG)

            - against -

    WORLD AIRWAYS, INC., et al.,

                    Defendants.
- - - - - - - - - - - - - - - - -X
```

This multidistrict litigation ("MDL") consists of individual and putative class actions brought by purchasers of tickets sold by defendant Ritetime Aviation and Travel Services, Inc. for charter flights between the United States and Lagos, Nigeria which defendant World Airways, Inc. ("World Airways") operated and discontinued at the end of 2003. By letter dated January 18, 2013, counsel for World Airways reported that the claims

administrator received a total of 751 claims, of which it contended 211 claims are "non-qualifying" under the terms of a settlement agreement approved by the Court.  See 1/18/13 Let. filed in the MDL (ct. doc. 208) and in Anyoku v. World Airways, 2004-cv-304 (ct. doc. 252).[1]  World Airways contended in its letter that 45 of the claims received are late because they "were postmarked after the August 26, 2008 deadline established for submission of claims."  See id.  However, as discussed in this Court's February 1, 2013 order, the earliest deadline for submission of claims is October 3, 2010, pursuant to paragraph 73 of the Settlement Agreement and later if measured from 90 days after withdrawal of the second appeal to the Second Circuit on September 17, 2012.  See ct. doc. 213.  World Airways does not dispute that determination and subsequently reported that it mailed 579 checks to claimants.  See ct. docs. 214, 217.

John Edozie, new counsel appointed to represent the plaintiff class, now requests that the Court permit 149 claimants to supplement their timely submitted claims to correct either technical deficiencies in the forms required by the Settlement Agreement or to provide additional documentation to demonstrate that they are within the definition of the class.  Counsel also seeks to contact all class members to whom notices of the settlement were mailed but returned to sender.  This order

---

[1] Future references to the document numbers shall be to the numbers on the docket sheet in the MDL action.

summarizes the discussion held at a hearing on April 24, 2013.

With respect to the latter category, this Court agrees with World Airways that potential class members who claim they did not submit claims because they did not receive notice of the settlement are barred from participating in the settlement. "'A class action settlement is binding on an absent class member if the notice program is procedurally adequate, even if the absent class member does not receive personal written notice.'" In re Auction Houses Antitrust Litig., 2004 WL 3670993, at *3 (S.D.N.Y. 2004) (quoting In re Prudential Sec. Inc. Ltd. Partnerships Litig., 947 F. Supp. 750, 755-56 (S.D.N.Y. 1996)). Notice need only be reasonably designed to reach the members of the class whether or not individual members receive notice. See In re Adelphia Communications Corp. Sec. & Derivatives Litig., 271 Fed. Appx. 41, 44 (2d Cir. 2012); In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 168-69 (2d Cir. 1987). "[I]t is inevitable that a number of mailed notices will not reach the intended recipient." In re Auction Houses, 2004 WL 3670993, at *3. Here, the notice was approved by the court and was individually sent to each class member based on the best contact information available at the time. In addition, notice was published twice in newspapers in Nigeria and the United States, posted on the internet and on the court's docket and announced by press release. Since the notice provided satisfies due process, counsel's request to permit class members to participate in the

settlement who may not have received notice is denied.

As to the 149 claimants who submitted timely claims, the parties are directed to exchange available information for review. The parties will then confer to attempt to narrow the number of claims still in dispute.

World Airways argues that any supplementation now made is past the deadline for submission of claims. However, courts have the "inherent power to accept late claims despite the contrary terms of an agreement" between the parties. See In re Oxford Health Plans, Inc., 383 Fed. Appx. 43, 45 (2d Cir. 2010). In determining whether to accept a late claim, courts consider whether the untimeliness was the result of excusable neglect weighing the following pertinent factors enunciated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993): 1) the danger of prejudice; 2) the length of the delay and its impact on the proceedings; 3) the reason for the delay, including whether it was within the control of the movant; and 4) whether the movant acted in good faith. In re Oxford Health, 383 Fed. Appx. at 45 (quoting Pioneer, 507 U.S. at 395).

Although the Settlement Agreement does not address the supplementation of claims, the Agreement does provide for the review of additional information beyond what is submitted by the claimant in recognition that certain documentation may be "incomplete or no longer available." Settlement Agreement at

¶ 84.  Due to the dissolution of co-lead class counsel Thacher Proffitt and the relocation of co-lead class counsel Ike O. Echeruo, any deficiencies in timely submitted claims were not promptly corrected.  In addition, as counsel suggested at the hearing, review of the claims also halted after 2008 when an appeal was filed challenging approval of the class settlement and award of attorneys' fees.  After conclusion of the appeals, the plaintiff class was effectively left without representation until appointment of Mr. Edozie.  Given the abandonment by original class counsel of their responsibilities in administering the settlement, the failure of class members to supplement their claims prior to the bar date is understandable.  Cf. Rivas v. Fischer, 687 F.3d 514 (2d Cir. 2012) (stating that attorney conduct must amount to "an effective abandonment of the attorney-client relationship" to warrant equitable tolling); Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (citations omitted) (finding that to justify relief under Rule 60(b)(6), attorney's failure must amount to abandonment either through "physical disappearance" or "constructive disappearance").  Moreover, the length of the delay is not significant, notwithstanding the substantial passage of time since 2008 when most of the disputed claims were originally submitted.  As discussed in this Court's prior order, the bar date is arguably as late as December 16, 2012 so that supplementation is not so far removed in time from the deadline for the submission of claims.

In addition, Mr. Edozie has identified two potential class members, Sekinat Adewunmi and Caulrick Akinleye Emamanuel, who allege that they submitted claims to the settlement administrator but that the administrator has no record of their submissions. The parties must review any additional documentation those potential class members have provided to substantiate their claims.

Last, Mr. Edozie should review documentation provided by World Airways to confirm that claims rejected by World Airways as being duplicative or for being submitted by a person who previously settled with World Airways are properly excluded.

**SO ORDERED.**

Dated: Brooklyn, New York
       April 26, 2013

                                              /s/
                                           MARILYN D. GO
                                           UNITED STATES MAGISTRATE JUDGE